# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
March 19, 2007 Session

## TENNIE MARTIN, ET AL. V. NORFOLK SOUTHERN RAILWAY COMPANY, ET AL.

**Appeal from the Circuit Court for Anderson County**
**No. A2LA0325**

**No. E2006-01021-COA-R3-CV - FILED JULY 6, 2007**

CHARLES D. SUSANO, JR., dissenting.

I start with an elementary and bedrock principle of Tennessee jurisprudence: when a party timely files a complaint in circuit court, alleges facts making out a cause of action, and demands a jury, that party has a constitutional right to have a jury pass upon the merits of its allegations. Tenn. Const. Art. I, §6. ("That the right of trial by jury shall remain inviolate . . ."). I fully recognize that a party's jury demand and its right to pursue its alleged cause of action can be legitimately thwarted if the party sued can demonstrate, under the rubric of Tenn. R. Civ. P. 56, that it is entitled to summary judgment. Hence, if the material facts pertaining to a defense are not in dispute and if those facts show conclusively that the defendant is entitled to a judgment, the plaintiff loses its constitutional right to a jury trial, its case is over, and the defendant goes away with summary judgment.

I have previously expressed my view of summary judgment, a view that I believe is consistent with the decisions of the Supreme Court on this subject:

> Summary judgment is not an appropriate vehicle for disposing of a *close case*, or even a "*razor-thin" case*, or what one might refer to as a *weak case*. These cases can be disposed of on directed verdict, or by jury verdict, or when a trial judge exercises his or her role as a thirteenth juror, or in connection with other post-judgment proceedings -- but only after oral testimony has been guided into evidence by direct examination and tested by rigorous cross-examination. Summary judgment for the defendant is reserved for those situations where the undisputed material facts reflect that a plaintiff has *no case*.

***Sparks v. Baptist Hosp. Of E. Tenn***., 03A01-9710-CV-00472, 1998 WL 188540 at \*4 (Tenn. Ct. App. E.S., April 3, 1998) (Susano, J., concurring) (emphasis in original).

In the instant case, the critical issue, reduced to its core, is simply this: Are there, in the record before us, (1) facts and (2) reasonable inferences, favorable to the plaintiff's position, from facts, which, if found by a jury, could lead that jury to reasonably conclude that the deceased was less than 50% at fault? If so, summary judgment is not appropriate. I find there are such facts. Actually, I find several material facts in dispute — disputes that prompt me to reject the holding of the majority that this case should not proceed to consideration by a duly-impaneled jury.

The trial court concluded that the evidence shows, without dispute, that the plaintiff's vehicle stopped twice at and/or on the tracks. This finding appears to have been critical to the court's judgment in this case. There is certainly evidence in the record to support such a finding by a trier of fact. There is, however, other evidence — *e.g.*, the written statement of the train and engine crews — which, when viewed in a light most favorable to the plaintiff — as it must be — supports a conclusion of only one stop. The jury should resolve this issue.

On another factual issue, the train's engineer testified that he blew the train's whistle prior to the collision. On the other hand, there was a nearby witness — Cecil Smith — who testified that he did not hear a whistle. Should a jury not resolve this conflict?

There is a significant dispute in the record as to how far the deceased could see as she looked down the tracks toward the oncoming train. Furthermore, there is a dispute as to whether, and to what extent, overgrown vegetation near the crash site impacted the deceased's line of sight. Why should a jury not be impaneled to evaluate this conflict?

Both sides presented experts. Not surprisingly, these experts disagree sharply as to the dynamics of the collision. It seems to me that these competing theories are properly for a jury to sort out and perform a credibility determination.

There are other factual disputes, *e.g.*, the safety of this two-track crossing controlled only by a "crossbuck" sign and the manner in which the deceased approached and crossed the double tracks on her way to open the doors to the Moran Church that Sunday morning.

If a jury were to resolve these various disputes in the plaintiff's favor, I believe it could reasonably conclude that the plaintiff's fault was less than 50%.

In my judgment there are genuine issues of material fact precluding a finding, as a matter of law, that the deceased was guilty of 50% fault or more. I would vacate the trial court's judgment and remand for a jury trial. In my judgment, our constitution will permit of nothing less.

I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE